Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4507 | **DATE** | 7/8/2002 |
| **CASE TITLE** | Linda Hardison vs. Patricia Huffman, warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The petition for habeas corpus under 28 U.S.C. Section 2241 is dismissed for lack of jurisdiction. This case is hereby dismissed. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 0 9 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL -8 PM 12:38 | | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. )
)
LINDA HARDISON, )
)
    Petitioner, ) No. 02 C 4507
) **DOCKETED**
    v. ) Judge Ruben Castillo
) JUL 0 9 2002
PATRICIA HUFFMAN, Warden, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Linda Hardison, a federal prisoner incarcerated at the Fluvanna Correctional Center for Women in Troy, Virginia, petitioned the U.S. District Court for the Western District of Virginia for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That court, which had jurisdiction to hear the petition, transferred it to this court, which does not. Nevertheless, because it appears that the petition is meritless, it will not be returned but will be dismissed for lack of jurisdiction.

After two jury trials before Judge Conlon of this court, Hardison was convicted of participation in a conspiracy to distribute narcotics and was sentenced on February 8, 1995 to 188 months' imprisonment. *United States v. Washington*, No. 94 CR 339. Her conviction was affirmed by the Court of Appeals on January 15, 1997, *United States v. Smith*, No. 95-1390, 1997 WL 17815, 107 F.3d 13 (table) (7th Cir. 1997), and Hardison did not seek *certiorari* from the United States Supreme Court. This is Hardison's third collateral challenge to her conviction.

A prisoner in custody pursuant to a federal conviction may challenge her conviction collaterally by a motion to vacate the sentence under 28 U.S.C. § 2255, corresponding to a petition for habeas corpus under 28 U.S.C. § 2254 brought by a person in custody pursuant to a state-court judgment. After the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which substantially amended both § 2255 and § 2254, a § 2255 motion must be brought within one year of the termination of direct review, or the time for seeking such review, with very

limited exceptions. Further, a prisoner is only entitled to one § 2255 motion attacking his or her conviction or sentence. A second or successive motion may be filed only with the permission of the Court of Appeals, which must first determine that the new claim sought to be raised either (a) rests on a new rule of constitutional law made retroactive by the Supreme Court, or (b) rests on new evidence sufficient to establish by clear and convincing evidence that, but for constitutional error, the prisoner could not have been convicted of the underlying offense. 28 U.S.C. § 2255; 28 U.S.C. § 2244.

Section 2255 is exclusive, providing that a federal prisoner may not bring a petition for habeas corpus unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." The Seventh Circuit has held, unsurprisingly, that the remedy provided by § 2255 is not inadequate or ineffective merely because the petitioner failed to file a timely motion; this would vitiate the AEDPA amendments. Rather, the remedy provided by § 2255 will be considered "inadequate or ineffective," permitting recourse to habeas corpus, only if the petitioner had no reasonable opportunity to obtain judicial correction of a fundamental defect in his conviction or sentence either through an initial § 2255 motion, or a second motion meeting § 2255's criteria for a second motion. *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Hardison did not file a motion under § 2255 within the one-year limitations period. On November 16, 1998, she joined her co-defendants in filing a petition for habeas corpus in this court under 28 U.S.C. § 2241, *Washington v. United States*, No. 98 C 7369. Judge Holderman dismissed the petition, ruling that petitioners could only attack their convictions through motions to vacate their sentences under 28 U.S.C. § 2255. If the petitioners were attacking something other than the validity of their convictions they could proceed under 28 U.S.C. § 2241, but the court would lack jurisdiction because the petitioners were not confined in this district. In denying a motion for reconsideration, Judge Holderman acknowledged that petitioners could challenge their convictions under 28 U.S.C. § 2241 if they could show that their remedy under § 2255 was "inadequate or ineffective," but even if that were the case, this court nevertheless lacked

jurisdiction. The Court of Appeals summarily affirmed the dismissal of the petition on April 4, 2000.

On August 15, 2000, Hardison filed a motion in this court to vacate her sentence under 28 U.S.C. § 2255, docketed as *United States v. Hardison*, No. 00 C 4978. Judge Conlon initially denied the motion on October 13, 2000, finding the petition untimely and the claims defaulted, meritless, or both. On November 14, 2000, Hardison filed a "motion for modification of the record," an attempt to raise a new claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On January 12, 2001, Judge Conlon denied the motion, and Hardison appealed. The Court of Appeals found the appeal untimely as to the initial denial of the § 2255 motion. As for the "motion for modification of the record," filed after the entry of judgment, the Court of Appeals held that the district court should have dismissed it for lack of jurisdiction as a second, unauthorized § 2255 motion. After the district court complied with the mandate of the Court of Appeals and entered an order dismissing Hardison's motion for lack of jurisdiction, Hardison again appealed. The Court of Appeals dismissed the appeal on March 22, 2002, terminating her second collateral attack.

On June 12, 2002, Hardison filed the present action in the U.S. District Court for the Western District of Virginia where she is confined. A magistrate judge of that court ordered the case transferred to this court on June 18, 2002. The magistrate judge's order contains no reason or statutory authority for the transfer, or, for that matter, any basis for his authority to enter the order.[1]

Assuming that the magistrate judge had the power to transfer this action, the statutory authority for the transfer was not recited in the order. The most obvious source is 28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of justice,

---

[1] Presumably a motion to transfer may been delegated by the district judge to a magistrate judge as a "pretrial matter pending before the court" under 28 U.S.C. § 636(b)(1)(A), although an order sending a case to an entirely different court is hardly routine. Nevertheless, this would not support the magistrate judge's order because (a) the docket does not indicate delegation by the district judge; in fact, it does not appear from the court's docket that a district judge was assigned to the case; (b) the order to transfer was *sua sponte*, and (c) while a ruling under § 636(b)(1)(A) may be appealed to the district judge, this case was transferred before Hardison had time to learn of the order and object -- assuming there was some district judge to whom she could direct her objections.

3

a district court may transfer any civil action to any other district or division where it might have been brought." However, as Judge Holderman recognized when Hardison attempted to bring a habeas corpus petition in this court, this is not a district where such an action may be brought. Writs of habeas corpus may be granted by district courts "within their respective jurisdictions." 28 U.S.C. § 2241. Lacking jurisdiction over the warden of the institution where Hardison is confined, the court lacks jurisdiction to consider the petition. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *Hanahan v. Luther*, 760 F.2d 148, 149 (7th Cir. 1985).

Presumably the magistrate judge perceived that this action, though captioned as a petition for habeas corpus under § 2241, was an attack on Hardison's conviction, causing him to construe it as a § 2255 motion, which may only be brought in the sentencing court. Had he looked more closely, however, he would have seen from the exhibits to the petition that Hardison had already filed a § 2255 motion, so that this court would not have jurisdiction to entertain a second one without authorization from the Court of Appeals. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996). The magistrate judge, in other words, transferred this action from a district in which it could be brought to a district where it could not have been brought.

In any event, this court does not have the authority to reverse the decision of a magistrate judge of another court. Though lacking jurisdiction over this case, whether construed as a petition for habeas corpus or a motion under § 2255, this court has the power under 28 U.S.C. § 1631 to transfer the case to the district in which it could have been brought (and in fact was brought), the Western District of Virginia. Transfer is discretionary, however, and before engaging in this bit of judicial ping-pong the court can "take a peek" at the merits to determine whether transfer would be a waste of time. *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999).

Hardison can proceed under § 2241 only if her remedy under § 2255 was "inadequate or ineffective." The Court of Appeals for the Fourth Circuit, which establishes the law governing the Western District of Virginia, has agreed with the reasoning of the Seventh Circuit in *Davenport*, limiting the "inadequate or ineffective" exception to cases where there is a change in substantive law after the petitioner files an initial § 2255 petition and the prisoner cannot satisfy

4

the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Unless one or more claims could fit the *Davenport* exception, it would be a waste of time to transfer the case.

Hardison's petition is verbose, garbled, confused and confusing. It does not appear to raise any challenge to her conviction that could not have been raised in a § 2255 motion, and repeats some of the claims previously raised before Judge Conlon. Obviously, § 2255 cannot be inadequate or ineffective as to these, and Hardison cannot begin a new and separate action to reopen matters already decided or that could have been raised before.

It appears that the only possible exception might be Hardison's claim that her conviction is invalid because the quantity of drugs upon which her sentence was based was not stated in the indictment or determined by the jury, contrary to the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that any fact, other than a prior conviction, that increases the maximum penalty to which a defendant is exposed, must be submitted to the jury and proven beyond a reasonable doubt. (Although Hardison cites *Jones v. United States*, 530 U.S. 1271 (2000)(*Carless Jones II*), rather than *Apprendi*, her claim is essentially an *Apprendi* claim.)[2]

*Apprendi* was decided June 26, 2000, shortly before Hardison filed her § 2255 motion, but an *Apprendi* claim could not have been raised had the motion been timely. It also could not be raised in a second § 2255 motion because the Supreme Court has not declared *Apprendi* to be retroactively applicable on collateral review. This would not have prevented a lower court from

---

[2] *Jones v. United States*, 530 U.S. 1271 (2000), remanded *United States v. Jones*, 194 F.3d 1178 (10th Cir. 1999), for reconsideration in light of *Apprendi*. The Tenth Circuit had held that when an indictment charging distribution of cocaine in violation of both 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), without specifying a quantity of drugs distributed, the court was not limited by the latter's 20-year maximum sentence (which is independent of quantity) and could sentence the defendant under 21 U.S.C. § 841(b)(1)(A), which permits up to a life sentence for distribution of fifty grams or more of cocaine base. In so holding, the Tenth Circuit followed its precedents holding that the quantity of drugs distributed is not an essential element of a violation of § 841(a), but is a sentencing factor. On remand, the Tenth Circuit held that, under *Apprendi*, the quantity of drugs involved in a violation of § 841 is an essential element of the offense if it exposes the defendant to a heightened maximum sentence, and the benchmark quantity for an enhanced penalty must be alleged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. The Court of Appeals accordingly vacated the defendant's sentence. *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000). *Jones* was decided on direct appeal, rather than collateral review, a critical distinction.

finding *Apprendi* to be retroactively applicable, however, and applying it to her case, if Hardison had been able to raise the claim.

Nevertheless, such a claim would be futile, because although the Supreme Court has not ruled on whether a violation of the rule announced in *Apprendi* can be raised on collateral review, the Fourth Circuit has. Not only has the Fourth Circuit expressed doubt that an *Apprendi* claim can be raised in a § 2241 habeas petition by way of the "inadequate or ineffective" exception, *San-Miguel v. Dove*, 291 F.3d 257, 2002 WL 1020723 at *4 FN2 (4th Cir. May 21, 2002), it has held that *Apprendi* is not retroactively applicable on collateral review. *United States v. Sanders*, 247 F.3d 139, 146, 151 (4th Cir. 2001). The Seventh Circuit has recently concurred. *Curtis v. United States*, ___ F.3d ___, 2002 WL 1332817 (June 19, 2002).

This action is accordingly dismissed for lack of jurisdiction. Although in dismissing for lack of jurisdiction the court makes no ruling on any issue raised in the petition, none appears to justify transferring the petition rather than dismissing it.

IT IS SO ORDERED.

Ruben Castillo, Judge
United States District Court

DATED: 7/8/02